Nathaniel T. Helman, J.
In December, 1961, plaintiff Parker R. Tyler, Jr., commenced a derivative stockholders’ action on behalf of Gas Consumers Association, which, as required by law, was joined as a party defendant.
The complaint alleged that “there are outstanding 50,000 shares of common stock and 33,033 shares of preferred stock of Gas Consumers Association”. The complaint further alleged that the plaintiff Parker R. Tyler, Jr., is “ the owner of 360 shares of common stock and 1040 shares of preferred stock of defendant corporation.” Plaintiff Parker R. Tyler, Jr., was, accordingly, the holder of less than 1% (0.7%) of the common stock and slightly more than 3% (3.1%) of the preferred stock.
The combined value of all stock which plaintiff owned in defendant corporation was approximately $2,500.
Issue was not joined since the corporate defendant made a motion before Mr. Justice Hofstadter to stay the proceedings until the plaintiff deposited security pursuant to section 61-b of the General Corporation Law.
Since plaintiff failed to meet the minimal requirements of section 61-b, Mr. Justice Hofstadter granted defendant’s motion, and an order was made and entered on February 15, 1962.
This order directed the plaintiff either (1) to “file within sixty (60) days from the service of a copy of the order with notice of entry, a surety company bond, ór acceptable security in the sum of Forty-Thousand ($40,000.) Dollars, or, in the alternative, (2) that if additional stockholders sufficient to meet the requirements of 61-b of the General Corporation Law join *948 in the action as plaintiffs within the foregoing period of sixty (60) days, plaintiff may move to vacate this order.” The order added “ that pending the filing of such bond or security, ¿the plaintiff Parker E. Tyler, Jr. be and he is stayed from all proceedings in the action except that such stay shall not operate against any steps to procure the joinder of other plaintiffs.” (Emphasis supplied.)
Not having supplied the required security within the allotted time, plaintiff now seeks to vacate the aforesaid order on the ground that he now owns 2,038 shares of preferred stock of the defendant corporation out of a total stock issuance of 33,033. Such holding is concededly in excess of the 5% required by section 61-b.
Plaintiff, therefore, requests that he be permitted to serve a supplemental complaint under section 245 of the Civil Practice Act.
Defendant Gas Consumers Association opposes the aforesaid motion and cross-moves to have the complaint dismissed for failure of the plaintiff to comply with the order of the court ■within the 60-day period.
While it is true that section 61-b specifically states that no security shall be required of a plaintiff stockholder who owns 5% of the corporate stock or stock in the value of $50,000 the issue here is whether plaintiff’s acquisition of his additional shares after commencement of the action, represented a compliance with the order of Justice Hofstadteb. Even though his holdings be in excess of 5%, his obligation under the order was “ to interest others who do hold at least 5% or stock valued at $50,000 ”. Plaintiff cannot defeat the intent and meaning of the order, plainly expressed, that he be joined in the action by other shareholders, by the simple expediency of personally acquiring additional shares after the order for security has been entered.
The court has not overlooked the case of Purdy v. Humphrey (187 Misc. 40). It is to be noted that in the Governor’s Memorandum approving section 61-b (L. 1944, ch. 688), in discussing “ great abuse and malodorous scandal ” surrounding the stockholders’, derivative suits, suggested as.a test .of merit for such suits the ability of the plaintiff shareholder to interest others in his suit. “If Ms action has any merit at all, it should.be easy enough to interest others who do hold at least 5%, or stock valued at $50,000. ”
In Noel Associates v. Merrill (184 Misc. 646, 658) Mr. Justice Shientag stated: “ True, under section 61-b there is nothing to prevent a plaintiff, before he brings the action, from going out and buying all the stock of the corporation that he wishes. *949 Under that section he may not do so after the action has. been started * * * There is no reason, however, why a court of equity should exercise its discretion to the-extent of giving recognition to the plaintiff’s purchase of additional stock in the corporation, after the motion for security was made, because he believes such purchase involves a lesser risk than the outcome of the stockholder’s suit he commended.”
Plaintiff, having failed to fulfill the terms of the order for security, his motion to vacate said order and for leave to file an amended complaint is denied. The corporate defendant’s cross motion dismissing the complaint is granted.