Barry C. PHELPS, Appellant,

v.

I. W. BURNHAM et al., Appellees.

No. 374, Docket 28733.

United States Court of Appeals
Second Circuit.

Argued Feb. 10, 1964.

Decided Feb. 13, 1964.

Gerald D. Fischer, New York City (Stroock, Stroock & Lavan, New York City) (David Schwartz, Alvin K. Hellerstein, Arnold I. Rich, New York City, of counsel), for appellant.

Alfred E. Froh, New York City (LeBoeuf, Lamb & Leiby, New York City) (Chauncey P. Williams, Jr., New York City, of counsel), for appellee Independent Telephone Corp.

Irwin Schneiderman, New York City (Cahill, Gordon, Reindel & Ohl, New York City), for appellee Continental Telephone Co.

Louis Stanton, Jr., New York City (Davis, Polk, Wardwell, Sunderland & Kiendl, New York City), for appellees Ayers, Dornblaser, Harrison, Mason, Mowat, Sawyer and Schafer.

Marshall, Bratter, Greene, Allison & Tucker, New York City, on brief for appellee I. W. Burnham.

Willkie, Farr, Gallagher, Walton & Fitzgibbon, New York City, on brief for appellee Donald Stralem.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

FRIENDLY, Circuit Judge.

Our motion calendar for February 10, 1964, included a motion by appellant Phelps for a preference and for a stay pending an appeal from an order of Judge Sugarman in a stockholder's action brought by him in the Southern District of New York. After hearing argument on the motion we suggested that the appeal itself be deemed submitted, with leave to file additional briefs on the following day. We affirm the order, with a minor modification designed to avoid prejudice to appellant from the short time we have had the appeal under advisement.

Phelps, a stockholder in Independent Telephone Corporation since January 9, 1964, who with another had submitted an offer to purchase a large amount of its common stock, brought this action against Independent, its directors and Continental Telephone Company to enjoin a proposed merger of Independent and Continental on which the stockholders of Independent are to vote on February 27, 1964, and for other relief. The first count of the complaint, basing federal jurisdiction on diverse citizenship, alleged various improper actions by directors of Independent in refusing to consider Phelps' proposal and in agreeing to the merger with Continental. The second count alleged that the proxy statement pursuant to which proxies of Independent's stockholders were being solicited contained false and misleading statements as to material facts and omitted material facts necessary to make the statements not false and misleading, in violation of § 14 of the Securities Exchange Act, 15 U.S.C. § 78n, and paragraph 14a–9 of the Proxy Rules, 17 C.F.R. 240, 14a–9. In the order under appeal Judge Sugarman directed, *inter alia*, that any motion seeking an injunction should be served not later than 5 P.M. on February 13, 1964, and that by noon of that day plaintiff should either demonstrate by affidavit that he holds shares of Independent amounting to 5% of the outstanding shares or having a fair value of $50,000, or furnish security for expenses, fixed by the judge at $100,-000, pursuant to § 627 of the New York Business Corporation Law, McKinney's Consol.Laws, c. 4, in default of which proceedings under the first count would be stayed. The judge incorporated a certificate, avowedly pursuant to 28 U.S.C. § 1292(b), that the portion of his order applying to the New York Business Corporation Law involved "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation." We permitted appellant to move orally for such leave. The question of law presented is that the judge erred in applying § 627 of the New York Business Corporation Law since the defense of Count 1 (hereafter the state claim) will not cause expense additional to that of Count 2 (hereafter the federal claim), or, alternatively in fixing $100,000 as the amount of security without sufficient basis therefor.

■ Insofar as the appeal concerns the application of § 627, we hold that we have jurisdiction under 28 U.S.C. § 1291. If the complaint had contained only the first count, this would be utterly plain, since the situation would be the very one presented in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545–547, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), except that the appeal here is by the plaintiff rather than the defendant, a distinction ruled immaterial in Fielding v. Allen, 181 F.2d 163 (2 Cir.), cert. denied sub nom. Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950). Appellees argue that a contrary result is demanded because of the pendency of Count 2; they say that since a dismissal of Count 1 would not be appealable under § 1291, at least without a certificate under F.R.Civ.Proc. 54(b), a conditional stay of proceedings on that count surely ought not be.

Although appellees' position is not without logic, we think it inconsistent with the principle of the Cohen decision that an order such as this "is a final dis-

position of a claimed right" to require or to be free from any requirement of furnishing security, "which is not an ingredient of the cause of action and does not require consideration with it." 337 U.S. at 546–547, 69 S.Ct. at 1226, 93 L.Ed. 1528. If this claimed right is sufficiently independent of the claim as to which a defendant has demanded security so that its grant or denial is a "final decision," it is no less so because of the presence of a different claim as to which security has not been ordered. This is the view of Professor Moore, 6 Federal Practice (2d ed. 1953), pp. 141, 235–237, criticizing an unreported memorandum decision of this court in Ace Grain Co., Inc. v. American Eagle Fire Ins. Co. of New York and Rhode Island Ins. Co., see 11 F.R.D. 364 (S.D.N.Y. 1951); in Chabot v. National Securities and Research Corp., 290 F.2d 657, 659 (2 Cir. 1961), we indicated willingness to accept the criticism and to abandon the Ace Grain ruling. On the other hand, we would not consider a determination as to the amount of security to be appealable under § 1291, see 337 U.S. at 547, 69 S.Ct. at 1226, 93 L.Ed. 1528, and surely do not regard it as a proper subject for the grant of leave under § 1292(b). The motion under that section is denied.

Conceding as he must that if the state claim stood alone, the Cohen decision would have required the judge to apply § 627 of the New York Business Corporation Law, appellant argues that a contrary result was called for because defense of the federal claim, as to which the New York statute is inapplicable, Fielding v. Allen, supra, would involve the corporation in the same expense. The argument is both wrong and self-defeating. It is wrong because the state claim broadly challenges the motivation and judgment of the directors, saying that the Continental merger is a bad transaction born of evil motives, whereas the federal claim, by necessity, is simply that the transaction, whether good or evil, has not been properly disclosed. It is self-defeating because if the scope of the two claims was really the same, ap-

pellant would lose nothing by being confined to the federal one. It is scarcely persuasive that, as appellant urges, the complaint might have jumbled the two claims together; this might have made it harder to draw the order but would not have altered the essentials. Appellant's real objection is that there is enough overlap that $100,000 is an excessive requirement; but this, as indicated, is not before us.

In order to give appellant further opportunity to consider his course of action we shall modify paragraphs 3, 4 and 5 of the order by substituting "Friday, February 14, 1964" for "Thursday, February 13, 1964." As so modified, the order is affirmed. Let the mandate issue forthwith.