**Sidney EAGLE, Plaintiff,**

v.

**George A. HORVATH et al., Defendants.**

United States District Court
S. D. New York.
April 22, 1965.

Louis Kipnis, New York City, for plaintiff.

Arnold C. Stream, New York City, for defendant Mount Clemens Industries, Inc.

HERLANDS, District Judge:

Defendant Mount Clemens Industries, Inc., by an order to show cause, has brought on this motion asking:

(a) for summary judgment; or, in the alternative,

(b) to strike certain allegations of the complaint; or, in the alternative,

(c) to require plaintiff to serve an amended complaint, stating therein as separate causes of action each of the two claims for relief presently set forth in the complaint as one cause of action, and to require plaintiff to furnish security for costs as to one cause of action; and

(d) to require plaintiff to produce all indicia of the shares of stock of Mount Clemens Industries, Inc. (hereinafter referred to as Mount Clemens) held by plaintiff in order that defendants may ascertain the identity of the holder of record and the date of plaintiff's acquisition of said shares.

This is an action brought by a stockholder of Mount Clemens, both derivatively and representatively, in behalf of himself and other stockholders similarly situated.

Plaintiff bases his claims on alleged violations of sections 14(a) and 10(b) of the Securities Exchange Act of 1934 (hereinafter referred to as the 1934 Act), 48 Stat. 891, 895 (1934), 15 U.S.C. §§ 78j, 78n (1958).

Federal jurisdiction is accordingly based on 28 U.S.C. § 1331 and section 27 of the 1934 Act, 48 Stat. 902 (1934), 15 U.S.C. § 78aa (1958).

Defendants in this action previously moved, under Rule 12(b) (1) of the Federal Rules of Civil Procedure, for dismissal of the complaint for lack of jurisdiction over the subject matter, arguing that no private right of action could be based on either section 14(a) or section 10(b) of the 1934 Act. This motion was denied by Judge Metzner in a memorandum opinion filed March 1, 1965, 241 F.Supp. 345. None of the issues now before this court was involved in the motion passed upon by Judge Metzner.

The relevant facts, as alleged in the complaint and undisputed on this motion, are as follows:

1. Through a chain of control, defendants George Horvath, Ernest Horvath, and their sister, Mrs. Klari Erdoss (hereinafter referred to as the Horvaths), at or about the time of the alleged violations of the 1934 Act, controlled The Buckeye Corporation (hereinafter referred to as Buckeye), a Delaware corporation.

2. Buckeye, in turn, controlled Mount Clemens.

3. In the exercise of their ultimate control of Mount Clemens, the Horvaths installed themselves and the other individual defendants herein as directors of Mount Clemens.

4. From about January, 1963 until the time of the alleged violations of the 1934 Act, Buckeye owned approximately 80 percent of the outstanding capital stock of the Miami National Bank (hereinafter referred to as the Bank).

5. Defendants entered into a scheme whereby Buckeye would sell the shares of the Bank owned by it to Mount Clemens on terms beneficial to Buckeye and adverse to Mount Clemens.

6. In the furtherance of this scheme, defendants Horvaths, with the approval and assistance of the other defendants, caused a Delaware corporation to be formed on or about September 3, 1964.[1]

---

1. The avowed reason for the formation of this Delaware corporation was that

Mount Clemens, as a Michigan corporation, could not own a bank; and it

7. In order to effectuate the acquisition by Mount Clemens of the Bank stock owned by Buckeye, the defendants solicited approval of the proposed acquisition by mailing to all shareholders of Mount Clemens, on October 8, 1964, a notice of a special meeting to be held on October 28, 1964, proxy statements, and proxies.

8. The proxies authorized both the acquisition by Mount Clemens of the Bank stock and the merger of Mount Clemens into the recently formed Delaware corporation.

9. The proxy statement sent on October 8, 1964 was false and misleading and omitted material facts necessary to make the statements therein not false or misleading.

10. On October 28, 1964, the proposed acquisition and merger were approved by 84.465 percent of the common shareholders and 85.987 percent of the preferred shareholders of Mount Clemens.

11. The acquisition and merger were on terms and conditions unfavorable to the shareholders of Mount Clemens.

For purposes of the present motion, defendant is willing to concede, arguendo, the truth of the above facts.

Defendant, however, in uncontroverted affidavits, asserts the following facts upon which it relies in this motion:

1. Under controlling law, two-thirds vote of each outstanding class of stock (one class of common and one class of preferred) was necessary to effectuate the acquisition and merger.

2. At all times relevant, defendants controlled two-thirds of the issued and outstanding shares of common stock of Mount Clemens.

3. At all times relevant, defendants, through their control of the Mount Clemens board of directors, had the power, pursuant to the Mount Clemens certificate of incorporation, to redeem all of the outstanding and issued preferred stock of Mount Clemens.

## I. The Motion For Summary Judgment

Defendant's motion for summary judgment, under Rule 56 of the Federal Rules of Civil Procedure, is two-pronged: first, as a matter of law, there is no causal connection between the alleged violation and the damage claimed to have resulted therefrom; and, second, even if a claim has been stated, it is not one upon which this court can give relief, since plaintiff's exclusive remedy, under controlling state statutory law, is one of appraisal.

### A. Lack of Causation

Defendant's argument is thus: At the time the proxies were voted, October 28, 1964, resulting in the challenged acquisition and merger, the defendants—having control of more than the requisite two-thirds of the issued and outstanding common stock of Mount Clemens and having the power to redeem all of the issued and outstanding preferred stock—could have effected these transactions regardless of the proxies. Therefore, the minimum requirement of "but for" causation is lacking and plaintiff has failed to state a claim upon which this court can grant relief.

There is one glaring fallacy in defendant's argument: the mere *unexercised power* to redeem the issued and outstanding shares of preferred stock cannot be equated with the exercise of that power which, had it been exercised, would have given defendants more than the requisite two-thirds vote of the only then remaining class of stock issued and outstanding—the common stock.

Because the power was not exercised, there was, at the time the allegedly false proxy statements were acted upon, a class of persons—the preferred shareholders—

---

was therefore necessary to merge Mount Clemens into the newly formed Delaware corporation as a part of the principal transaction of acquiring the Bank stock from Buckeye.

Plaintiff disputes the proposition that Mount Clemens, as a Michigan corpora-

tion, could not have legally owned the Bank stock. Rather, plaintiff claims that the merger into the Delaware corporation was a further injury to the stockholders of Mount Clemens in that it limited the rights of the shareholders theretofore enjoyed under Michigan law.

through whom Mount Clemens was injured.

Defendant, in its affidavits, alleges that the proposed acquisition and merger were approved by 85.987 percent of the preferred shareholders.

Plaintiff, in his complaint, claims that the allegedly false and misleading statements in the proxy solicitation materials sent to *all* shareholders resulted in the approval of the challenged transactions.

It is clear that, if less than two-thirds of the preferred shares had been voted to approve the acquisition and merger, these transactions would have been blocked.

▆ Whether or not the allegedly false and misleading proxy statement caused, i. e., induced, shareholders of more than 19.320 percent of the preferred stock (the difference between 85.987 percent and 66.667 percent) to approve the proposed acquisition and merger might be a material, factual question to be resolved at trial.[2] It is not a question that can properly be adjudicated on this motion for summary judgment. J. I. Case Co. v. Borak, 377 U.S. 426, 431, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

Defendants cannot accomplish by deception what they might have accomplished honestly and then be heard to say that the deception was not the cause. Lawsuits are determined by what was and not what might have been.

As a matter of law, therefore, defendants did not control the requisite two-thirds of both classes of Mount Clemens stock issued and outstanding at the time of the alleged violations of sections 10(b) and 14(a) of the 1934 Act. Defendant's motion for summary judgment on the basis of lack of any causal relationship between the alleged federal violations and the damage claimed must accordingly be denied. ·

In so disposing of defendant's prayer for summary relief based on lack of causation, the court does not reach the issue raised by Ruckle v. Roto American Corp., 339 F.2d 24 (2d Cir. 1964), as to whether, even if defendants herein had controlled more than two-thirds of *both* classes of Mount Clemens stock, there still might have been the necessary causal relationship between the alleged violations of federal law and the injury claimed to have resulted therefrom.

Nor, therefore, need the court adopt or reject the distinction suggested in Barnett v. Anaconda Co., 238 F.Supp. 766, 776 & n. 7 (S.D.N.Y.1965), between the facts just hypothesized and the facts in Ruckle. But see Hoover v. Allen, 241 F.Supp. 213 (S.D.N.Y.1965), also filed today, wherein this court distinguishes between the facts in Ruckle and those presented in Hoover v. Allen.

### B. *Exclusive Right of Appraisal*

Defendant's claim that plaintiff is limited to his right of appraisal under state law and that relief from this court is therefore precluded must be rejected for the two following specific reasons:

▆ First, an action based on alleged violations of section 14(a) of the 1934 Act is essentially a derivative action. J. I. Case Co. v. Borak, 377 U.S. at 432, 84 S.Ct. 1555, 12 L.Ed.2d 423. Thus, whatever limited rights the *individual shareholders* may have under state law, such limitations are quite irrelevant in providing appropriate relief to the injured *corporation*.

Second, as the court said in J. I. Case, at 434, 84 S.Ct. at 1561:

"But we believe that the overriding federal law applicable here would, where the facts required, control the appropriateness of redress despite the provisions of state corporation law, for it 'is not uncommon for fed-

---

2. The court, at this time, expresses no opinion as to the relevancy of the percentage of shares affected by the allegedly false and misleading proxy statements in the vote approving the proposed acquisition and merger. *Compare* Ruckle v. Roto American Corp., 339 F.

2d 24 (2d Cir. 1964), *and* Hoover v. Allen, 241 F.Supp. 213 (S.D.N.Y.1965) (also filed today by this court), *with* Barnett v. Anaconda Co., 238 F.Supp. 766, 776 & n. 7 (S.D.N.Y.1965). See generally discussion infra.

eral courts to fashion federal law where federal rights are concerned.' "

Since it is federal law and not state law that governs whatever relief is available to redress violations of the federal securities laws, it is clear that plaintiff, in this essentially derivative action, is not limited to a right of appraisal.

Defendant's motion for summary judgment based on the above argument that this court may not grant relief is accordingly denied.

## II. *The Motion To Strike*

 Defendant has moved, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike certain paragraphs from the complaint on the ground that the paragraphs sought to be stricken are immaterial to the claims based upon the alleged violations of the 1934 Act.

Since the paragraphs under attack are not immaterial to the claims based upon the alleged violations of the 1934 Act, defendant's motion to strike is denied. See generally Atlantic City Elec. Co. v. General Elec. Co., 207 F.Supp. 620 (S.D.N.Y. 1962).

## III. *Motion To State Separate Causes Of Action And To Post Security*

Defendant has moved, pursuant to Rule 10(b) of the Federal Rules of Civil Procedure, to require plaintiff to amend his complaint by stating as two separate causes of action that which is now grouped together as a single cause of action. Defendant's motion is premised on the mistaken assumption that plaintiff has stated one claim based on alleged violations of the 1934 Act, and *another* claim based on violations of fiduciary duties governed by state law.

" '[T]he party who brings a suit is master to decide what law he will rely upon and * * * does determine whether he will bring a "suit arising under" the * * * [Constitution or laws] of the United States by his declaration or bill.' " Bell v. Hood, 327 U.S. 678, 681, 66 S.Ct. 773, 90 L.Ed. 939 (1946), quoting from The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913).

In this case, plaintiff has chosen to base his claim on alleged violations of federal law. Since plaintiff is the sole author of his complaint, defendant cannot have this court rewrite that complaint so as to include a cause of action for breach of state-created fiduciary duties. No such claim appearing in the complaint, none will be added to meet defendant's notion of proper pleading, a notion which, incidentally, might require plaintiff to furnish security for costs. See Phelps v. Burnham, 327 F.2d 812 (2d Cir. 1964).

Defendant's motion to have the complaint amended and for the furnishing of security is hereby denied.

## IV. *The Motion For Discovery*

This request appears to have been rendered moot by the plaintiff's filing of an affidavit (sworn to on March 18, 1965) presumably setting out the facts sought by the defendant.

This motion is, therefore, denied.

Defendant's motion is accordingly denied in all respects. So ordered.