Carl **MINTZ** and Shirley Mintz, Plaintiffs,

v.

Leon B. **ALLEN**, William E. Beaver, Edmund T. Delaney, Kenneth S. Landauer, Ellis D. Slater, Leon B. Allen, Charles W. Gillen, Charles A. Wright, and William E. Beaver, individually and as Copartners, doing business as Gillen & Company and Leon B. Allen Fund, Inc., Defendants.

No. 65 Civ. 3814.

United States District Court
S. D. New York.

June 14, 1966.

&#8987;363

Abraham I. Markowitz, New York City, for plaintiffs.

Palmer, Serles, Delaney, Shaw & Pomeroy, New York City, for defendants.

OPINION

EDELSTEIN, District Judge.

This is a shareholders derivative action against the defendant mutual fund and its directors and investment advisers pursuant to the Investment Company Act of 1940. Plaintiffs also seek recovery for alleged violations of state law and common law fiduciary duties. The jurisdiction of the state and common law claims is asserted as pendent to the Investment Company Act claims.

Petitioner (the mutual fund defendant in the underlying action) moves for an order compelling plaintiffs to post $50,-

000 security pursuant to § 627 of the New York Business Corporation Law, McKinney's Consol.Laws, c. 4, before proceeding with the state cause of action (it being affirmed and not denied that plaintiffs hold less than 5 percent of the fund's stock and the fair value of plaintiffs' holding is less than $50,000).

Respondents, in effect, concede that if this court's jurisdiction were based on diversity, security would be required since it is settled that such security statutes are deemed substantive for Erie R. Co. v. Tompkins purposes. E. g., Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 555–557, 69 S.Ct. 1221, 93 L. Ed. 1528 (1949); Phelps v. Burnham, 327 F.2d 812 (2d Cir. 1964). Respondents urge, however, that where the court's power to hear a state cause of action is based on pendent jurisdiction rather than diversity, Erie R. Co. v. Tompkins need not be applied. Since petitioner has not claimed that it is entitled to security under the applicable federal criteria, the motion, it is argued, should be denied.

Professor Moore has strongly urged that in deciding which law should be applied a federal court should look to the source of the cause of action rather than the source of the court's power to hear the cause of action. See Moore's Federal Practice § 0.305[3] (2d ed. 1965). And with certain limited exceptions (not here relevant) it is generally accepted that Erie R. Co. v. Tompkins is applicable in pendent as well as diversity jurisdiction cases. Note, The Evolution and Scope of the Doctrine of Pendent Jurisdiction in the Federal Courts, 62 Colum.L.Rev. 1019, n. 142 at 1043 (1962) (and materials cited therein). Moreover, the language recently used by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), leaves little room for doubt.

"Its [pendent jurisdiction's] justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, *even though bound to apply state law to them,* Erie R. Co. v. Tompkins, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188]. *Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."* (Italics added.)

See Id. n. 15.

It is quite true, as respondents urge, that federal court policy is to minimize expenses, see Farmer v. Arabian American Oil Co., 379 U.S. 227, 234–236 & n. 5, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), in order to insure that parties with limited resources are not deprived of their day in court. It might also have been argued that Congress in enacting the Investment Company Act of 1940 sought to protect mutual fund shareholders from the type of wrongdoings alleged here, and that in the instant case "the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." United Mine Workers of America v. Gibbs, *supra,* 86 S.Ct. at 1139. But the substantial federal interest in insuring a modestly endowed claimant proceeding under the Investment Company Act his day in court does not necessarily include providing him with a vehicle for litigating his state law claims. The federal interest is substantially effectuated by providing a forum in which the federal claims can be litigated without imposition of security, unless authorized by federal law. Proper consideration for the federal system suggests that state substantive law should be applied (once it be determined that pendent jurisdiction obtains) in determining state claims. See 28 U.S.C. § 1652 (1964). Moreover, the purposes underlying Erie R. Co. v. Tompkins, the "discouragement of forum-shopping and avoidance of inequitable administration of the laws" Hanna v. Plumer, 380 U.S. 460, 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8 (1965); see Id. at 466–469, 85 S.Ct. 1136, are relevant here.

"[A] federal court's refusal to enforce the New Jersey rule involved in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, [69 S.Ct. 1221, 93 L.Ed. 1528], requiring the posting of security by plaintiffs in stockholders' derivative actions, might well impel a stockholder to choose to bring suit in the federal, rather than the state, court." Id. n. 10 at 469, 85 S.Ct. at 1143.

The purpose of such security statutes is the deterrence of "strike suits." See Id. at 476–478, 85 S.Ct. 1136 (concurring opinion of Mr. Justice Harlan). There appears to be no overriding federal interest in permitting the bypassing of such statutes merely because there is a federal claim sufficiently related to authorized pendent jurisdiction over the state claim. If in the instant case the court finds that security is required, respondents seek leave to amend their complaint to omit the state causes of action. This request further shows that the underlying policy conflict is not between the state requirement of security and the enforcement of a federally created statutory right but rather between the state requirement of security (enforced in a federal court on a state cause of action) and the federal policy favoring joinder of claims, " 'the whole tendency of * * * decisions is to require a plaintiff to try his * * * whole case at one time.' " Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 320, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

■ The effect here of allowing litigants to bypass a state statute deemed substantive for Erie R. Co. v. Tompkins purposes would be to encourage the very "strike" suits which the state has sought to deter, wherever an arguable violation of the Investment Company Act (or for that matter the Securities Act of 1933 and 1934) could be found. The policy favoring joinder of claims is sufficiently served by application of the doctrine of pendent jurisdiction.[1]

Both as a matter of law and as a matter of policy the court finds that state security requirement should be enforced (as to state causes of action only) by the federal courts in pendent as well as diversity jurisdiction cases.[2]

In accordance with its request respondents are given leave to file within thirty days an amended complaint eliminating any reference to state law violations.

So ordered.

---

1. It is to be noted that state courts have concurrent jurisdiction with federal courts to hear civil claims brought under the Investment Company Act of 1940. 15 U.S.C. § 80a–43 (1964). Plaintiffs would have been able to try their whole case at one time if suit had been commenced in the state courts. Those courts, however, would have certainly required security to be posted on the New York causes of action.

2. Judge Weinfeld, relying on Phelps v. Burnham, 327 F.2d 812 (2d Cir. 1964) and Fielding v. Allen, 181 F.2d 163 (2d Cir.) cert. denied, Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950) has reached the same result. Kane v. Central American Mining & Oil, Inc., 235 F.Supp. 559, 567–569 n. 40 (S.D.N.Y.1964). In both Phelps and Fielding however, jurisdiction over the non-federal claims was based on diversity. In Kane, the argument urged in instant case was apparently not made.