**Hyman WEITZEN, Plaintiff,**

v.

**William KEARNS et al., Defendants.**

**No. 66 Civ. 2460.**

United States District Court
S. D. New York.
Dec. 8, 1966.

Kaufman, Taylor, Kimmel & Miller, New York City, for plaintiff.

Holtzmann, Wise & Shepard, New York City, for defendant, Solitron Devices, Inc.

Windels, Merritt & Ingraham, New York City, for defendant, Benjamin Friedman.

## OPINION

BONSAL, District Judge.

Defendant Solitron Devices, Inc. (Solitron) has moved by Order to Show Cause for an order directing plaintiff to post security in the amount of $100,000 for reasonable expenses, including attorneys' fees, which may be incurred by Solitron and by other defendants in connection with this action and for which Solitron may be liable under Sections 721 to 726, inclusive, of the Business Corporation Law of New York.

Plaintiff instituted this action derivatively on behalf of Solitron, and representatively on behalf of all stockholders of Solitron similarly situated, against certain officers, directors and employees

of Solitron. The complaint bases jurisdiction on Section 27 ·of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa) and alleges violations by the defendants of various sections of the Act and of the Rules promulgated pursuant thereto. The complaint alleges that the individual defendants caused Solitron to issue to them, members of their families, and others, debentures convertible into shares of common stock at a price of $105 per share at a time when the individual defendants were in possession of material undisclosed inside information and at a time when the shares of common stock of Solitron had a value greatly in excess of the conversion price.

Solitron's motion for security assumes that the complaint states a cause of action under State law for breach by defendants of their fiduciary duty, and points out that plaintiff has instituted an action in the State court, which is now pending.

 The security requirements of State law are applicable to a State claim pendent to a Federal claim, even if the Federal and· State claims are not separately stated. Phelps v. Burnham, 327 F.2d 812 (2d Cir. 1964). On the other hand, the security requirements of State law do not apply to the Federal claim whether the Federal claim is stated separately or in conjunction with the State claim. Fielding v. Allen, 181 F.2d 163 (2d Cir. 1950), cert. denied sub nom., Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950); McClure v. Borne Chemical Co., 292 F.2d 824 (3d Cir. 1961). Unlike *Phelps*, the plaintiff here has asserted no State claim in this court. The possibility that he might have asserted a State claim in this court pendent to his Federal claim is insufficient to invoke the security requirements of State law in this action. As stated in Eagle v. Horbath, 241 F.Supp. 341, at 345 (S.D. N.Y. 1965):

"In this case, plaintiff has chosen to base his claim on alleged violations of federal law. Since plaintiff is the sole author of his complaint, defendant cannot have this court rewrite that complaint so as to include a cause of

action for breach of state-created fiduciary duties. No such claim appearing in the complaint, none will be added to meet defendant's notion of proper pleading, a notion which, incidentally, might require plaintiff to furnish security for costs."

Since in his complaint plaintiff purports to act on behalf of all stockholders of Solitron similarly situated, the attention of counsel is called to Rule 23 of the Federal Rules of Civil Procedure, as amended, effective July 1, 1966.

Defendant Solitron Devices, Inc.'s motion for an order directing plaintiff to post security is denied.

It is so ordered.