**David ERLICH, Plaintiff,**

v.

**Juda GLASNER et al., Defendants.**

**Civ. No. 64-1145-CC Civil.**

United States District Court
C. D. California.

Oct. 10, 1967.

Fairfield & Richman, Joseph W. Fairfield, Beverly Hills, Cal., for plaintiff.

Veatch, Carlson, Dorsey & Quimby, Frederick C. Quimby, Jr., Los Angeles, Cal., for Glasner.

Phill Silver, Hollywood, Cal., for Orlanski, and others.

## OPINION

CARR, District Judge.

This purports to be a suit for violation of civil rights under Title 42, United States Code, Section 1983. The plaintiff, David Erlich, sues as an individual claiming that interference by defendants with the business of the West Coast Poultry Company, a corporation in which plaintiff and his wife are the only stockholders, deprived plaintiff of the right to earn a livelihood. Juda Glasner is the Kosher Food Law Representative of the Department of Health of the State of California. Defendants Glasner, Zilberstein, as well as members of the United Orthodox Rabbinate of Greater

Los Angeles, are alleged to claim to be orthodox rabbis.

Defendants Orlanski and Friedman are alleged to be the former employees of the plaintiff with no allegations as to what, if any, part they may have played in any alleged conspiracy. Defendants Bauman and Adler, who were engaged in the kosher poultry business, are alleged to have entered into a conspiracy to obtain an injunction to prevent the West Coast Poultry Company (plaintiff's corporation) from selling kosher poultry unless it retained the rabbinical services of the defendants named here. The case has been dismissed as to defendant Etner.

It appears to be the theory of the amended complaint that defendant Glasner used his office, in cooperation with certain of the other defendants, to prevent kosher poultry dealers from using the services of any rabbi except the members of the United Orthodox Rabbinate of Greater Los Angeles.

This case has been in the Court of Appeals twice and unfortunately in each instance no decision was rendered on the merits. The plaintiff in the original action was the corporation, West Coast Poultry Company, which complaint was dismissed because a corporation is not a person within the meaning of the Civil Rights Act. In the amended complaint of the present action which was then filed, David Erlich, the stockholder, is the plaintiff. It was dismissed for failure to state a claim. The court indicated from the bench the grounds for the dismissal and it was anticipated that counsel would make the reporter's transcript available to the Court of Appeals. Apparently this was not done. Thereafter the Court of Appeals sent the case back for further proceedings.

The amended complaint was again dismissed in February, 1966, on three grounds: (1) an individual stockholder may not sue for injury to a corporation; (2) defendant Glasner was immune from suit by reason of his office; and (3) the allegations relating to conspiracy were mere conclusions of law. Through inadvertence, the court overlooked striking from the order of dismissal the words, " * * * having considered all of the written documents filed herein * * *," although it had been clearly indicated that the court had not considered the affidavit on file by defendant Zilberstein. Again the Court of Appeals vacated the dismissal and remanded the cause for further proceedings.

The matter now for decision is a motion for dismissal or, in the alternative, for a summary judgment. Affidavits have been filed on behalf of both plaintiff and defendants.

■ As heretofore pointed out, the very essence of the amended complaint here is that plaintiff, an individual, has been deprived of his right to a livelihood because the corporation in which he and his wife owned stock has been injured through the efforts of persons alleged to be conspirators, one of whom is the Kosher Food Law Representative of California acting under color of state law. Plaintiff's suit under the Civil Rights Act as a stockholder for damage to the corporation and damage he claims ensued to him as a stockholder cannot be sustained. Since a corporation and a stockholder are separate legal entities, a suit may not be maintained by a stockholder for damages to a corporation except in a derivative suit. (Green v. Victor Talking Mach. Co. (2 Cir.), 24 F.2d 378, 59 A.L.R. 1091; Brictson v. Woodrough (8 Cir.), 164 F.2d 107; Eagle v. Horvath (S.D.N.Y.), 241 F.Supp. 341; Skouras Theatres Corp. v. Radio-Keith-Orpheum Corp. (S.D.N.Y.), 193 F.Supp. 401.) Furthermore, a corporation may not sue under the Civil Rights Act. (Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.) Nor would it appear that a derivative suit can be sustained under such Act. Leaving aside other questions, a suit by one stockholder could lead to a multiplicity of suits and uncertainty as to the distribution of damages recovered.

To hold that a stockholder or, for that matter, an officer or employee of a corporation may sue for violation of his civil rights when he claims damage because of damage to his corporation by

the action of some person under color of law would lead to absurd results and endless litigation.

The affidavits and documents on file make it clear that plaintiff's case is grounded on the premise that defendant Glasner, the Kosher Food Law Representative of California, and the other defendants have conspired to injure the West Coast Poultry Company and in so doing injured plaintiff as a stockholder. This, it is asserted, constitutes a deprivation of plaintiff's right to a livelihood.

It must be concluded that the amended complaint does not state a claim upon which relief can be granted and that there are no facts contained in the affidavits and documents on file which entitle plaintiff to relief.

Another ground in support of the motions by defendants is that of the immunity of defendant Glasner because of being a state officer. In a similar case in which Glasner was sued, the California Court of Appeal held that he was immune. (Glickman v. Glasner, 230 Cal. App.2d 120, 40 Cal.Rptr. 719.) The court pointed out that Glasner's activity was within his discretionary duties and that he was immune from tort liability. A footnote to that opinion sets out the California State Personnel Board specifications for a Kosher Food Law Representative.[1]

Whether a similar holding under the Civil Rights Act follows is not entirely clear. The Court of Appeals for the Ninth Circuit in Hoffman v. Halden,

---

1. "2. 'CALIFORNIA STATE PERSONNEL BOARD
'specification for the class of
'KOSHER FOOD LAW
REPRESENTATIVE

" 'Definition:
" 'Under direction of the Chief, Bureau of Food and Drug Inspections, Department of Public Health, to carry out the statewide program of investigation and inspection in connection with the enforcement of the State Kosher Food Law; and to do other work as required.
" 'Typical Tasks:
" 'As assigned, in the major metropolitan areas of the State, initiates and carries out a field inspection program designed to secure understanding of and compliance with the State Kosher Food Law; visits and inspects meat and poultry markets offering kosher products for sale to assure that such products have been properly identified, labeled, segregated, advertised, and otherwise handled in a manner consistent with orthodox Hebrew religious ritual and custom; inspects establishments such as delicatessens, restaurants, catering firms, and rest homes purveying kosher foods to see that products sold as kosher are, in fact, kosher and that they have been processed and served in a manner and with dishes, utensils, and vessels prescribed by Hebrew Law and customs; makes field surveys to determine that kosher foods are properly prepared, stored, processed, labeled and advertised; meets with and advises interested persons such as kosher meat and poultry packers, wholesalers, retailers, and restaurateurs on application of the State Kosher Food Law and on proper practices to follow to insure compliance with this law; confers with violators of the Kosher Food Law in an effort to secure voluntary compliance with its provisions; conducts field investigations of complaints regarding kosher foods alleged to have been prepared, packaged, sold, or advertised in violation of the State Kosher Food Law; conducts investigations, gathers, assembles, and reports facts and evidence; assists in the preparation of cases for prosecution when necessary; works cooperatively with representatives of other governmental agencies including the State and Federal Departments of Agriculture and local law enforcement officials; prepares reports of field activities.
" 'Minimum Qualifications:
" 'Ordained orthodox rabbi, in good standing with a recognized California or national rabbinical body and accredited to function in all spheres of the rabbinate.
and
" 'Education: Completion of theological studies for ordination as a rabbi at a recognized Jewish theological school.' "

268 F.2d 280, has discussed the matter and appeared to say that immunity extends to a state officer for his discretionary acts within the scope of his authority. The case of S & S Logging Co. v. Barker (9 Cir.), 366 F.2d 617, does not determine the application of immunity in civil rights cases. In that case, however, the court did refer to Norton v. McShane (5 Cir.), 332 F.2d 855, in which it was observed at page 860:

> "While it is clear that the common-law immunity afforded legislative and judicial officers applies in suits under the Civil Rights Acts, there remains much uncertainty as to the extent to which immunity for subordinate executive officials applies, if it applies at all."

■ Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288, the most recent case decided by the Supreme Court respecting a suit for violation of civil rights, does not appear to resolve the instant matter. In that case police officers were acting under an unconstitutional law and the court held that, if they were acting in good faith, no liability ensued. Here, we are dealing with a state representative acting within his discretionary duties and whether or not in so acting he is clothed with immunity from liability under the Civil Rights Act. To hold that the Kosher Food Law Representative or anyone in a similar position is required to establish his good faith in a court after his activity was within his discretionary duties would lead to endless harassment and ultimate frustration in carrying out his duties. It is, therefore, concluded that defendant Glasner's activity falls within the letter of his discretionary duties and that he is clothed with immunity under the circumstances of this case.

This case presents another problem which, while not requiring a decision, warrants comment. Although plaintiff contends and defendants acquiesce that the state law under which defendant Glasner acted relates to dietary law rather than laws affecting religion, plaintiff makes it clear that he expects this court and, in this case, a jury which has been demanded to decide who is and who is not an orthodox rabbi, what is and what is not kosher poultry, and whether plaintiff's *schoictim* were *treife*. Certainly these issues, if relevant, require probing into the qualifications of orthodox rabbis and interpretations to establish whether poultry is, in fact, kosher and such other matters as whether plaintiff's *schoictim* were *treife*.

It is to be noted that among other matters set forth in plaintiff's affidavit he asserts that defendant Glasner is not an orthodox rabbi and that members of the congregation will be subpoenaed to "testify that there was mixed seating between men and women." This alleged conduct of defendant Glasner is referred to as "his transgressions regarding mixed seating." This hardly seems a dietary matter.

Accordingly, the court grants defendants' motions for summary judgment having concluded that there is no triable issue of fact. Since this opinion sets forth the basis for the court's ruling, no findings of fact and conclusions of law shall be required. Counsel for defendants are directed to prepare a form of judgment pursuant to Rule 7 of the Local Rules of this court.