Simon V. HABERMAN, Plaintiff,

v.

John E. TOBIN, Fred M. Kirby, Allan P. Kirby, Jr., each in their own capacity as directors of Alleghany Corporation and as attorney for guardians of the property of Allan P. Kirby, Sr., John J. Burns, Jr., Ralph K. Gottshall, Richard R. Hough, William G. Rabe, Clifford H. Ramsdell and Carlos J. Routh as directors of Alleghany Corporation, and Alleghany Corporation, Defendants.

No. 74 Civ. 5470 (RWS).

United States District Court,
S. D. New York.

Sept. 27, 1979.

⟊1698

Greenfield, Lipsky & Bress, New York City, for plaintiff by Thomas Bress, New York City, of counsel.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendants Fred M. Kirby, Allan P. Kirby, Jr., John E. Tobin and John J. Burns, Jr. by Robert J. Geniesse, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, for defendant Alleghany Corp. by William E. Hegarty, Rich Schumacher, John A. Shutkin, New York City, of counsel.

OPINION

SWEET, District Judge.

Before the court is a motion by defendants John E. Tobin *et al.*, pursuant to Rule 41(b), Fed.R.Civ.P.,[1] to dismiss this shareholders' derivative action, with prejudice, on the ground that plaintiff, Simon Haberman ("Haberman"), has failed to comply

---

1. Rule 41(b) provides in relevant part: "For failure of the plaintiff to . . . comply with . . . . any order of court, a defendant may move for dismissal of an action or of any claim against him."

with this court's order dated April 17, 1979.[2] That order, pursuant to both Rule 2 of the Civil Rules of this court and New York Business Corporation Law § 627, required Haberman to post security for costs in the amount of $100,000 or to move for the admission or intervention of additional parties plaintiff, the failure of which, it was stated in the order, "shall constitute good cause for the involuntary dismissal of this action pursuant to Rule 41(b) . . . ." Haberman asserts that his purchase of an additional $50,000 worth of Alleghany stock, although not in literal compliance with the order, nonetheless fulfills its purpose.

■ Haberman's complaint states both state and federal claims. As has been stated elsewhere, "The law is clear that state security requirements for shareholders' derivative actions should be enforced by the federal courts in both pendent and diversity jurisdiction cases—but as to *state* causes of action only." *Weisfeld v. Spartans Industries, Inc.*, 58 F.R.D. 570, 578 (S.D.N.Y.1972) (emphasis in original), *citing Phelps v. Burnham*, 327 F.2d 812, 814 (2d Cir. 1964); *Entel v. Allen*, 270 F.Supp. 60, 67 (S.D.N.Y. 1967); *Mintz v. Allen*, 254 F.Supp. 1012, 1014 (S.D.N.Y.1966); *Kane v. Central American Mining & Oil, Inc.*, 235 F.Supp. 559, 569 (S.D.N.Y.1964).

■ Under New York law, Haberman's purchase of additional stock after commencement of this action would not constitute compliance with an order such as that issued in this case. *See Tyler v. Gas Consumers Association*, 34 Misc.2d 947, 229 N.Y. S.2d 169 (Sup.Ct.N.Y.Co.1962); *Noel Associates v. Merrill*, 184 Misc. 646, 53 N.Y.S.2d 143 (Sup.Ct.N.Y.Co.1944). As the New York courts have remarked in similar circumstances, "Plaintiff cannot defeat the intent and meaning of the order . . . by the simple expediency of personally acquiring additional shares after the order for security has been entered." *Tyler, supra*, 229 N.Y.S.2d at 170. *See also Sorin v. Shahmoon Industries, Inc.*, 30 Misc.2d 408,

438, 220 N.Y.S.2d 760, 789 (Sup.Ct.N.Y.Co. 1961) (whether security required determined as of time of suit or intervention). Therefore, although Haberman could have satisfied the requirements of Section 627 of the Business Corporation Law by purchasing additional stock prior to commencement of this action, his belated purchase of stock fails to comply with that part of this court's April 17, 1979 order which is based upon Section 627.

■ Defendants have also urged that plaintiff's federal law claims should be dismissed for failure to comply with Rule 2 of the Civil Rules of this court. Rule 2 provides:

The court . . . may order any party to file an original bond for costs . . . in such an amount and so conditioned as it may designate. For failure to comply with the order the court may make such orders in regard to noncompliance as are just . . . [including an order] dismissing the action . . .

Failure to meet a modest bond requirement has served as the basis for dismissal of a federal cause of action under unusual circumstances. *See Miller v. Town of Suffield*, 249 F.2d 16 (2d Cir. 1957), *cert. denied*, 356 U.S. 978, 78 S.Ct. 1143, 2 L.Ed.2d 1151 (1958) (affirm dismissal of antitrust suit with "fantastic claims" for failure to meet "moderate" bond for costs). However, Rule 2 does not provide the basis for imposition of the substantial bond ordered by this court under Section 627 of the Business Corporation Law. Dismissal of plaintiff's federal claims for failure to meet the $100,-000 bond would be inappropriate. Therefore, the motion to dismiss plaintiff's federal claims is denied.

■ Therefore, in accordance with Rule 23.1, Fed.R.Civ.P., notice of dismissal of plaintiff's state claims shall be sent to all non-party shareholders of Alleghany Corporation. As stated in *Papilsky v. Berndt*, 466 F.2d 251, 257 (2d Cir.), *cert. denied*, 409 U.S.

---

**2.** The facts which underlie this action are set forth in *Phillips v. Tobin*, 403 F.Supp. 89 (S.D. N.Y.1975), *rev'd*, 548 F.2d 408 (2d Cir. 1976), and need not be repeated here.

1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972), "In general, notice of a proposed dismissal of a derivative suit must be given to non-party stockholders when the corporate claim has not been adjudicated upon the merits." Such notice is particularly desirable in this case, since, due to applicable statutes of limitation, dismissal of this action could well preclude non-party stockholders from asserting the state claims presented here. *See Grima v. Applied Devices Corp.*, 78 F.R.D. 431, 432–33 (E.D.N.Y. 1978) (notice required before dismissal of derivative suit where statute of limitations had run); *Beaver Associates v. Canon*, 59 F.R.D. 508, 511–12 (S.D.N.Y.1973) (notice required prior to dismissal of derivative claim where dismissal would have prevented corporation from asserting claim on merits). The court will permit non-party shareholders sixty days from sending of notice to file motions to intervene before dismissing plaintiff's state claims. The notice should accordingly indicate the reasons for dismissal and the recipient's right of intervention within sixty days.

This action was commenced on December 30, 1974, and has achieved a procedural history which, it is hoped, is a unique exemplification of the toils of the law. In a determined effort to avoid further snares and to complete this litigation in its fifth year, the following schedule will apply. All discovery by all parties will be completed by November 19, 1979. Any motions relating to discovery may be brought on by order to show cause if necessary. Any and all pretrial motions, other than discovery, will be made returnable on November 21, 1979 or hopefully prior to that date, but in any case, none such will be entertained thereafter. The plaintiff will serve its proposed pretrial order on defendants no later than December 3, 1979 and the final pretrial order will be filed on December 10, at which time the action must be ready for trial.

The parties are hereby ordered to file with the court on notice within ten days a proposed partial judgment consistent with this opinion, including the contents of the notice of dismissal and the allocation of the cost of notice.

IT IS SO ORDERED.