**LOWELL FRUIT COMPANY,**
Plaintiff, Appellant,

v.

**ALEXANDER'S MARKET, INC., et al.,**
Defendants, Appellees.

No. 88–1088.

United States Court of Appeals,
First Circuit.

Submitted March 10, 1988.
Decided March 29, 1988.

Stephen P. McCarron, Silver Spring, Md., James N. Flood, Lowell, Mass., Sures, Dondero & McCarron, Silver Spring, Md., and Field, Drury & Flood, Lowell, Mass., on Memorandum in Answer to Show Cause Order.

Before BREYER, TORRUELLA, and SELYA, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Lowell Fruit Company has appealed from an order refusing to vacate a pre-judgment writ of attachment defendant Alexander's Market, Inc. (Alexander's) obtained in connection with Alexander's counterclaim against Lowell Fruit. We conclude this appeal must be dismissed for lack of jurisdiction. We turn to the background.

Plaintiff Lowell Fruit brought an action against defendant Alexander's complaining that Alexander's had failed to pay for produce Lowell had sold to it. Alexander's counterclaimed contending that the contract between them had been a cost plus one, but that Lowell had misrepresented its cost and overcharged Alexander's. Alexander's sought actual damages in excess of $3,000,000 as well as treble damages. Representing that Lowell was offering its principal and only business offices—real estate at 733–735 Broadway Street, Lowell—for sale for $875,000, Alexander's sought to attach that real estate as well as "various tractor trailer trucks and trailers and other business assets which Lowell Fruit Company uses in its commercial enterprises and in which Lowell Fruit Company owns a legal or equitable interest." At a November 10, 1987 hearing on Alexander's motion for a pre-judgment attachment, the court stated it was writing "motion allowed" on Alexander's motion and asked whether a separate order was needed. Alexander's counsel responded that it would provide the clerk with an order that afternoon. Alexander's then submitted a writ of attachment authorizing the attachment of "the real estate and/or personal property of the Defendants-in-Counterclaim Lowell Fruit Company, Francis J. Stagnone and Daniel E. Stagnone [the Stagnones are trustees and/or officers of Lowell] in accordance with the following directions: all realty including the realty located at 733–735 Broadway, Lowell; all motor vehicles, personal property, fixtures and equipment located at 733–735 Broadway, Lowell, or used in the business of the Defendants-in-Counterclaim; and all contract rights, accounts and inventory of Defendants-in-Counterclaim to the value of $2,831,775.27...." The court signed the writ.

On November 25, 1987, Lowell moved to quash the writ of attachment. Lowell stated that prior to the court's signing, it had not been provided with a copy of the writ and that the writ was broader than Alexander's had asked for either in its motion or at the November 10, 1987 hearing. In particular, the writ authorized attachment of the Stagnones' property (whereas the Stagnones had not been mentioned in the motion or at the hearing) and included all contract rights, accounts and inventory. Lowell argued that the attachment was improper because it did not meet the standards of Mass.R.Civ.P. 4.1 and Mass.G.L. ch. 223 as incorporated into Fed.R.Civ.P. 64 and violated the Stagnones' due process rights as they had not had notice or hearing that an attachment was sought against them. Lowell asked that the attachment be stricken until a proper hearing was held. The motion to quash was denied and Lowell has appealed from that denial.

Lowell argues that the order refusing to quash the attachment is appealable under the *Cohen* collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To come within *Cohen's*

narrow exception, "the order being appealed must be a final order that presents an issue of law, not one of discretion, that is separable from the issues to be presented at trial, and that cannot await resolution until appeal from the final judgment because irreparable harm would be probable." *Sobol v. Heckler Congressional Committee,* 709 F.2d 129, 130–31 (1st Cir. 1983) (quoting *Midway Mfg. Co. v. Omni Video Games, Inc.,* 668 F.2d 70, 71 (1st Cir.1981) and finding order dissolving an attachment not immediately appealable). Lowell contends that these requirements are met because it is seeking review of purely legal issues—that is, whether the attachment without notice and hearing to the Stagnones was constitutional and comported with state law—, these issues are separate from the merits of the parties' contract dispute, and the Stagnones have been unjustly deprived of important property rights without due process and hence irreparably harmed.[1]

We are persuaded by *West v. Zurhorst,* 425 F.2d 919 (2d Cir.1970), and the cases which have followed *West* that the present order refusing to dissolve the attachment is not immediately appealable. In *West,* defendants moved to vacate an attachment arguing that state law did not authorize prejudgment attachments in the type of action plaintiffs had brought—a securities action claiming violations of Rule 10b–5. The district court disagreed, and defendants appealed arguing that their right to be free of an allegedly unlawful attachment was separable from the merits, could not effectively be redressed on appeal after final judgment, and was too important to be denied review. Thus, as in the present case, appellants were pressing purely legal issues—the validity under state law of a pre-judgment attachment. Judge Friendly acknowledged that "maintenance of a lien upon property [was] not a negligible deprivation...." He noted, however, that in *Swift & Co. Packers v. Compania Colombiana del Caribe, S.A.,* 339 U.S. 684, 689, 70 S.Ct. 861, 865, 94 L.Ed. 1206 (1950)—a post *Cohen* case—the Court, while concluding that certain orders *vacating* attach-

ments were immediately appealable, strongly implied that an order upholding an attachment would not be. The Court had stated that, in contrast to the vacation of an attachment where appellate review may be "an empty rite" after the security is released, "[t]he situation is quite different where an attachment is upheld pending determination of the principal claim," as "the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." *Swift,* 339 U.S. at 689, 70 S.Ct. at 865. The Supreme Court cited *Cushing v. Laird,* 107 U.S. (17 Otto) 69, 27 L.Ed. 391 (1883). In *Cushing,* the Supreme Court had said that neither a garnishee nor the principal could immediately appeal from an attachment order, but rather must await final judgment. *Cushing v. Laird,* 107 U.S. (17 Otto) at 76. Also noting the increase in the number of appeals, Judge Friendly concluded *Cohen* should not be expansively read, explaining as follows: "While the grievance created by an improper attachment *pendente lite* is 'important,' [*Cohen,*] 337 U.S. at 546 [69 S.Ct. at 1225], ... it is not important enough to make the decision 'final.'"

We have followed *West* before. In *Trustees of Hospital Mortgage Group v. Compania Aseguradora Inter–Americana S.A. Panama,* 672 F.2d 250, 251 (1st Cir.1982), we concluded that an order requiring the defendant in a mortgage foreclosure action either to post a bond securing the mortgage liability or satisfy the property tax liability on the mortgaged realty and repay plaintiff for taxes advanced was not immediately appealable. We stated that "[a]lthough the imposition of provisional remedies may impose a hardship—an unjust hardship if the imposition is improper—the hardship is not so substantial as to justify wasting judicial resources through piecemeal appeal." *Id.,* at 251. *See also Seguros Banvenez S.A. v. S/S Oliver Drescher,* 715 F.2d 54, 56 (2d Cir.1983) (orders denying motions to vacate attachment generally not appealable); *Rosenfeldt v. Comprehensive Accounting Service Corp.,* 514 F.2d 607, 609–10 (7th Cir.1975) (Stevens, J.) (orders granting an attach-

---

1. The notice of appeal mentioned only Lowell Fruit—and not the Stagnones. We question, but need not decide, if Lowell may assert the Stagnones' rights and interests on appeal.

ment or refusing to vacate one not appealable under *Cohen* ); *McCreary Tire & Rubber Co. v. Ceat S.p.A.*, 501 F.2d 1032, 1034 (3d Cir.1974) (order denying motion to dissolve foreign attachment not appealable); *United States v. Estate of Pearce*, 498 F.2d 847 (3d Cir.1974) (denial of motion to quash sequestration order not appealable); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2936 at 353–354 (1973) (orders granting or continuing an attachment generally not appealable).

Lowell Fruit relies on *Baxter v. United Forest Products*, 406 F.2d 1120 (8th Cir.), *cert. denied*, 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969), where an interlocutory appeal challenging a pre-judgment sequestration order on the ground it violated —indeed, entirely circumvented—state law double bond and other attachment requirements was allowed under the *Cohen* collateral order doctrine. There, however, as the court noted at the end of its opinion vacating the sequestration order, the order almost guaranteed defendants' bankruptcy. *Id.*, at 1128. To be sure, the court, in its discussion of appealability, did not expressly rely on or even mention defendants' potential bankruptcy were not an immediate appeal allowed. Nonetheless, we think the threat of such harm was significant. Lowell Fruit has not claimed any such dire consequences here, and hence we decline to follow *Baxter*.[2]

Lowell argues that the due process interest at stake—the asserted right to a pre-attachment hearing—will be irretrievably lost if review must await final judgment. In a sense that may be true, since the lost hearing itself cannot be restored. Almost any erroneous interim trial ruling, however, imposes inconvenience or hard-

ship in varying degrees, but does not thereby become appealable. Apart from the lost hearing, Lowell has not claimed—and it does not appear—that Lowell is unable to protect its interests and secure relief. Under Mass.G.L. ch. 223, § 120, dissolution of an attachment may be obtained by posting a sufficient bond. If an attachment is dissolved and the defendant prevails, "costs shall include ... the premium or premiums paid for the bond dissolving such attachment, if it be a surety company bond." Mass.G.L. ch. 223, § 122. And Lowell has not claimed it will be unable to challenge the validity of the attachment on appeal from final judgment. *See Drys Shipping Corp. v. Freights, Sub–Freights, Charter Hire*, 558 F.2d 1050, 1052 (2d Cir.1977) (indicating validity of attachment may be contested on appeal from final judgment).

*Appeal dismissed.*

---

2. Nor do we find *Phelps v. Burnham*, 327 F.2d 812 (2d Cir.1964), a case on which *Baxter v. United Forest Products Co.*, 406 F.2d 1120 (8th Cir.1969), relied applicable. In *Phelps* an order directing that unless plaintiff posted security, plaintiff's first count would be stayed was held appealable under *Cohen*. Similar to *Phelps* are *Fielding v. Allen*, 181 F.2d 163 (2d Cir.1950) (order staying proceedings until plaintiff furnished security and providing for dismissal if plaintiff did not post security reviewed), *cert. denied sub. nom Ogden Corp. v. Fielding*, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950), and

*Chabot v. National Securities and Research Corp.*, 290 F.2d 657, 658 (2d Cir.1961) (order staying plaintiff's action until security posted appealable under *Cohen* ). The orders at issue in *Phelps, Fielding,* and *Chabot* potentially barred the plaintiffs from prosecuting their actions. Cf. *Roberts v. United States District Court*, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (order denying *in forma pauperis* status immediately appealable). We are not faced here with similar circumstances and hence need not consider this line of cases further.