■ LOIS R. SIVIN, Appellant, v. HAROLD L. SCHWARTZ, JR., et al., Defendants, and APL Corporation, Respondent.— In a stockholder's derivative action, the plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated March 18, 1964, as denied her cross motion to inspect the defendant corporation's stock books and stock transfer records. The other (unappealed from) provisions of the order directed the plaintiff to file a surety company bond or other acceptable security in the sum of $35,000 and, pending the filing of such bond or security, stayed plaintiff "from all proceedings in the action". Order, insofar as appealed from, reversed on the law and on the facts and in the exercise of discretion, with $10 costs and disbursements; plaintiff's cross motion for inspection granted in the exercise of discretion and stay modified so as to permit such inspection. The inspection shall proceed on 10 days' written notice given by the plaintiff, or as the parties may mutually stipulate in writing. The plaintiff's cross motion was denied by Special Term on the ground that plaintiff was not a stockholder of record for a period of at least six months, and that such requirement is imposed by section 624 of the Business Corporation Law as a condition precedent to a stockholder's right thereunder to examine the corporate stock books. In our opinion, that statute is not exclusive; and any stockholder, including one not of record, has a common-law right to inspect the stock books if the inspection is sought in good faith and for a valid purpose (Business Corporation Law, § 624, subd. [f]; *Matter of Steinway,* 159 N. Y. 250; *People ex rel. Lorge* v. *Consolidated Nat. Bank,* 105 App. Div. 409; *People ex rel. Callanan* v. *Keeseville, etc. R. R. Co.,* 106 App. Div. 349; *People ex rel. Venner* v. *New York Life Ins. Co.,* 111 App. Div. 183; *Matter of Brentmore Estates* v. *Hotel Barbizon,* 263 App. Div. 389; *Matter of Bush Term. Co.,* 78 F 2d 662; 3 White, New York Corporations [12th ed.], pp. 238–240; Hornstein, Rights of Stockholders in the New York Courts, 56 Yale L. J. 942, 946). There is a valid reason for an inspection of the corporate stock books where the inspection is sought, as it is here, by a plaintiff in a stockholder's derivative action for

the purpose of obviating the need for posting security by inducing a sufficient number of other stockholders to join him as coplaintiffs (*Matter of Baker* v. *Macfadden Pubs.*, 300 N. Y. 325, 330). On the record at bar, we do not believe the corporation has raised any factual issue of bad faith that requires a hearing. Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.