LECOR, INC., and Luminall Paints, Inc.,
Petitioners,

v.

UNITED STATES DISTRICT COURT
FOR the CENTRAL DISTRICT OF
CALIFORNIA, Respondent.

No. 74–1441.

United States Court of Appeals,
Ninth Circuit.

Aug. 13, 1974.

Harold R. Collins, Jr. (argued) of Blecher, Collins & Hoecher, Los Angeles, Cal., for petitioners.

William D. Keller, U. S. Atty., Los Angeles, Cal., for respondent.

Robert Holtzman (argued) of Loeb & Loeb, Los Angeles, Cal., for real party in interest.

Before KOELSCH, CARTER and CHOY, Circuit Judges.

OPINION

JAMES M. CARTER, Circuit Judge:

This is a petition for a writ of mandamus, directing the district court to vacate its stay of a federal action pending in that court. We grant the writ.

On April 15, 1973, Bernard L. Samson ("Samson"), formerly the president and chief operating officer of petitioner Luminall Paints, Inc. ("Luminall"), brought an action in the Superior Court of California for breach of employment and consulting contracts. He subsequently amended his complaint to add claims for damages and specific performance under a registration and redemption agreement.

On July 26, 1973, Luminall and petitioner Lecor, Inc. ("Lecor") brought an action in federal district court against Samson and the auditing firm of Seidman and Seidman ("Seidman") for misrepresentations with respect to a stock

transaction between Lecor and Luminall. The complaint alleged violations of federal securities statutes and state common law.

Both the state court answer and the district court complaint involve a transaction in 1972 whereby Lecor acquired all of a new issue of 2,000,000 shares of Luminall stock. The gist of both pleadings appears to be that the purchase price of the stock was excessive and that Lecor would not have made the purchase had this fact been known. Samson along with Seidman, is charged with having furnished false information in order to procure the excessive payment.

On September 24, 1973, Samson moved the district court to stay the federal action, but only with respect to Luminall. A hearing was held on the motion, and the court then ordered a stay of the entire federal action. This order was conditioned upon Samson's agreeing not to oppose addition of parties or consolidation of claims in the state court, and to diligently prosecute his state court case. The present petition for mandamus to vacate the stay ensued.

## I.

In opposing the petition, Samson relies upon Lear Siegler, Inc. v. Adkins (9 Cir. 1964) 330 F.2d 595, and the emphasis of the court below on "the strong likelihood that the state court proceedings may determine many of the vital factual matters at issue in the instant case, which would thus shorten and greatly simplify the instant case."

In *Lear Siegler, supra*, this court held that the district court did not abuse its discretion in granting a stay of an action pending between the named parties in state court, because the state court decision with respect to the validity and infringement of the patent in question would resolve most of the issues in the federal suit. Although superficially on point, *Lear Siegler* is clearly distinguishable from the present case.

First, the court specifically held that the state court had jurisdiction to decide the question of validity and infringe-

ment of the patent. 330 F.2d at 600. In the present case, the federal courts have exclusive jurisdiction of suits alleging violations of the federal securities laws. 15 U.S.C. § 78aa. The claims of violations of the securities laws raised by Lecor and Luminall in the federal case therefore could not be asserted in the state court action. Weisfeld v. Spartans Industries, Inc. (S.D.N.Y. 1972) 58 F.R.D. 570, 577.

■ ■ Second, in *Lear Siegler*, the parties in the federal action were the same as the parties in the state action. Although the *power* exists in the federal court to stay its proceedings, even where the parties in the two actions are not the same, Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936), "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*. at 255, 57 S.Ct. at 166. In the present case, neither Lecor nor Seidman is a party in the state court case. For this reason, they would also not be bound by any judgment in the state court, thereby precluding, to any great degree, the simplification of the federal case through the principles of res judicata.

Finally, *Lear Siegler* involved an action for declaratory judgment and injunction under 28 U.S.C. §§ 2201 and 2202. Due to the special nature of actions for declaratory judgment, the court there stated:

"[T]he existence of jurisdiction in an action for declaratory relief does not require that the court exercise it. It has a judicial discretion to decline to grant such relief." 330 F.2d at 599. *See also* Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962); Eccles v. Peoples Bank, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1947). The present case involves an action for damages, not for declaratory relief, and *Lear Siegler* is not controlling. Instead, the case of Mach-Tronics, Inc. v. Zirpoli (9 Cir. 1963), 316 F.2d 820 controls.

## II.

In *Mach-Tronics, supra,* a federal antitrust action was stayed by the district court pending resolution of a state court action instituted two months earlier. The state claims involved business torts whose operative facts were more or less the same as those material to the federal claims. This court ordered that a writ of mandamus issue commanding the district court to vacate the stay. The court was unpersuaded by the contention that resolution of the state case might have rendered further action by the federal court wholly unnecessary, and emphasized the fact that there would be no jury trial in the state action. 316 F.2d at 828. *See* Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 504, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

Further, the court found that in fact the federal court would be unable to avoid a decision on the alleged violation of the antitrust laws, because the federal courts have exclusive jurisdiction in antitrust actions. The possibility that resolution of *factual* questions in the state court might act as an estoppel in the federal action was not a justification for staying the federal case. Rather, the court stated:

> "It would seem to us to be unthinkable that a federal court having exclusive jurisdiction of a treble damage antitrust suit would tie its own hands by a stay of this kind in order to permit a judge of a state court, without a jury, to make a determination which would rob the federal court of full power to determine all of the fact issues before it." 316 F.2d at 833.

Finally, the court, citing a number of Supreme Court decisions, noted that it "has long been recognized that when a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction." *Id.* at 824.

 In the present case, the state court proceedings would be decided without a jury, whereas Lecor and Luminall are entitled to a jury determination of the factual issues, particularly those relating to the federal securities claims; Lecor and Seidman are not parties to, nor will they be bound by, the state court proceedings; the federal court can decide *all* issues with respect to *all* parties; the relief sought is legal, not equitable;[1] and the interest in having questions of federal securities laws decided by federal courts outweighs any interests of expediency or avoidance of determining state contract law. The federal proceedings should not have been stayed.

It is ordered that the writ of mandamus be issued commanding the respondent District Court to vacate and set aside the said order of November 27, 1973, insofar as said order stays the federal court action.

---

1. In rejecting the contention of Lear that *Mach-Tronics* and other cases based on exclusive federal jurisdiction controlled with respect to declaratory actions, the court in *Lear Siegler, supra,* stated: "The authorities upon which Lear relies are not in point. They involve actions in which the district court is without discretion to decline to exercise its jurisdiction . . . . ." 330 F.2d at 602.