OPINION OF THE COURT
Arnold Guy Fraiman, J.
This is an application by plaintiff Johncamp Realty, Inc., for a preliminary injunction to compel defendants, trustees of *950 defendant Prudent Real Estate Trust ("Prudent”) to permit plaintiff to examine and copy the current record list of shareholders of Prudent. Plaintiff is the beneficial owner of 100 shares of Prudent, having purchased such shares on March 11, 1979, and it is this stock ownership which was the basis for its request to examine the shareholder list. On March 12, 1979, plaintiff had tendered to Prudent’s stockholders a cash offer to purchase any and all outstanding shares of Prudent at a stated price. The offer was made in an advertisement published in the New York Times. Plaintiff seeks the instant relief so that it may also solicit the shareholders directly. Defendants have refused to release the list, contending that plaintiff is not entitled to it because it has neither been a shareholder of record for at least six months nor owns at least 5% of Prudent’s outstanding shares, as required by subdivision (b) of section 624 of the Business Corporation Law. While conceding that this section is not directly applicable to a business trust such as Prudent, as distinguished from a corporation, defendants argue that it is applicable in this case by reason of article IV, section 11 of its declaration of trust which states, inter alia, "Shareholders shall be entitled to inspect the books of account and list of Shareholders of the Trust during normal business hours at the principal office of the Trust for any proper purpose and under such reasonable conditions as may be established by the Trustees, which conditions shall be at least comparable to those permitted to stockholders of New York corporations. ” (Emphasis added.)
Plaintiff agrees that, by reason of section 11 of the declaration of trust, defendants’ obligation to permit inspection of its shareholder list is governed by the law applicable to New York corporations. However, it contends that under New York law a common-law right of inspection exists independently of subdivision (b) of section 624, and under the common law there is no requirement that a shareholder own his stock for six months or have 5% of the outstanding shares in order to examine the shareholder list. Plaintiff’s contention would appear to be correct. In Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn. (17 NY2d 82, 86) the court held that enactment of the Business Corporation Law "in no way diminished the common-law safeguards already existent in this area of shareholder inspection.” (Emphasis in the original text.) In so holding, the court relied upon Sivin v Schwartz (22 AD2d 822), where the court, in referring to section 624 stated: "In *951 our opinion, that statute is not exclusive; and any stockholder * * * has a common-law right to inspect the stock books if the inspection is sought in good faith and for a valid purpose”.
Thus, it would appear that plaintiff, despite the provisions of subdivision (b) of section 624, has a right under the common law to inspect Prudent’s stockholder list regardless of the extent or duration of its ownership, so long as inspection is sought "for a valid purpose”. With respect to this latter point, although earlier lower court decisions had held to the contrary, the Court of Appeals has recently held in Matter of Crane Co. v Anaconda Co. (39 NY2d 14, 17) that inspection of a shareholder list by a shareholder for the purpose of ascertaining the identity of his fellow shareholders in order to inform them of a tender offer is a proper purpose. Nor does the fact that plaintiff seeks its inspection on the day the tender offer began, or that its original tender offer (which expired on March 23, 1979) gave stockholders only 10 days in which to accept it, render the inspection improper. Significantly, defendants’ efforts to enjoin the offer, both in this court and in Federal court, on the ground that it was violative of both State and Federal law, have been unsuccessful.
For all the foregoing reasons, plaintiff’s motion is granted and defendants are directed to make available its shareholder list for inspection by plaintiff within 24 hours after service upon their attorneys of a copy of this order.