Willard F. **ROCKWELL**, Jr., Plaintiff,

v.

**SCM CORPORATION**, Defendant.

**No. 80 Civ. 4274 (KTD).**

United States District Court,
S. D. New York.

Aug. 18, 1980.

---

Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff; Stuart L. Shapiro, Douglas M. Kraus, Janice M. Lee, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant; Marvin Schwartz, Jeffrey I. Zuckerman, Robert M. Hayes, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

This diversity action was commenced by the plaintiff, Willard F. Rockwell, Jr., against the SCM Corporation [hereinafter referred to as "SCM"], seeking the production of a list of SCM shareholders and other related material. Plaintiff, himself an SCM shareholder, seeks the information so that he may communicate with his fellow shareholders concerning the shareholder meeting scheduled for October 30, 1980, at which SCM's board of directors will be elected. He charges that he has a statutory as well as common law right to the information he requests under § 624 of New York's Business Corporation Law, N.Y.Bus.Corp.Law § 624 (McKinney 1980), and New York Common Law.

Given the obvious time constraints, plaintiff has moved, by order to show cause, for a preliminary injunction, compelling the production of the materials in issue. A hearing was held before me on July 31, 1980. Based upon the arguments advanced at the hearing together with all the memoranda submitted by the parties, the following shall constitute my findings of fact and conclusions of law.

The facts which gave rise to the instant suit are not in dispute. On June 16, 1980, the plaintiff became the record holder of 24,000 shares of SCM. For at least six months prior to the June 16th purchase, Rockwell was the beneficial owner of 124,000 shares of SCM.

On July 18, 1980, plaintiff served a written demand upon SCM requesting the production of a recent shareholder list and other materials arguably related to the list. In the demand, plaintiff asserted that he had a statutory and common law right to the information. The information was not produced and on July 25th the instant action was commenced.

At the hearing, counsel for SCM stated that SCM had no intention of producing any of the requested materials. SCM argued that plaintiff had no common law right with respect to the materials. Rather, § 625 provides the sole basis by which a shareholder may gain access to shareholder lists. Defendant concludes that since plain-

tiff has failed to meet the statutory requirements of § 625, he was not entitled to the information in issue.

Additionally, defendant argues that this court lacks jurisdiction over the subject matter of this action. In particular, defendant urges that the amount in controversy does not exceed the $10,000 threshold in sum or value.

Turning initially to the question of jurisdiction, there is no dispute as to plaintiff's substantial holdings of SCM. Nor is there any doubt that plaintiff's purpose in purchasing and retaining these shares is to wage a proxy fight in order to elect an independent slate of SCM directors at the October shareholders' meeting. However, defendant argues that since the shareholder list and other related material sought by plaintiff are incapable of translation into monetary terms, plaintiff has failed to exceed the dollar threshold. I disagree.

■ Although technically the shareholder list and related materials are in issue, there is something much more valuable to plaintiff which is at stake. That is, plaintiff's ability to communicate with the 35,000 record shareholders of SCM and, thereafter, wage an effective proxy fight in an effort to elect plaintiff's slate of directors. Indeed, when stripped of all else, the sole basis for plaintiff's substantial investment into SCM, well in excess of $10,000, was to insure the election of his directors. Thus, when viewed from plaintiff's perspective, there is considerably more than $10,000 at stake.

■ This conclusion is more than amply supported by the case law. *See, e. g., Stern v. South Chester Tube Co.*, 390 U.S. 606, 88 S.Ct. 1332, 20 L.Ed.2d 177 (1968); *Weeks v. American Dredging Co.*, 451 F.Supp. 464 (E.D.Pa.1978); *Rosen v. Alleghany Corp.*, 133 F.Supp. 858 (S.D.N.Y.1955). When equitable relief is sought, it becomes increasingly more difficult to place a value upon the controversy. Thus, the better reasoned approach is to measure the jurisdictional amount by reference to the property right which plaintiff seeks to protect by invoca-

tion of one of the equitable remedies. *See Weeks, supra*, 451 F.Supp. at 466. In this case it would be the shares held by the plaintiff. And, although there does not appear to be an immediate threat to the objective value of these shares, plaintiff believes that in order to protect his substantial investment in SCM, he must elect his slate of directors. Indeed, the basis for a shareholder's right of inspection "is derived from the shareholder's beneficial ownership of corporate assets and the concomitant right to protect his investment." *Crane Co. v. Anaconda Co.*, 39 N.Y.2d 14, 18, 346 N.E.2d 507, 510, 382 N.Y.S.2d 707, 710 (1976). Thus, the proper measure of the amount in controversy is the value of plaintiff's shares.

Consequently, I find defendant's jurisdictional attack to be without merit and proceed to the merits of the instant motion.

Section 624 of New York's Business Corporation Law provides in relevant part:

Any person who shall have been a shareholder of record of a corporation for at least six months immediately preceding his demand, or any person holding, or thereunto authorized in writing by the holders of, at least five percent of any class of the outstanding shares, upon at least five days' written demand shall have the right to examine in person or by agent or attorney, during usual business hours, its minutes of the proceedings of its shareholders and record of shareholders and to make extracts therefrom.

■ There is no question that plaintiff has failed to meet these statutory requirements. He holds only 1.3 percent of the outstanding shares of SCM and has been a shareholder of record only since June 16, 1980. In fact, at oral argument, plaintiff seemed to abandon his claim under § 624. Indeed, the only argument advanced by plaintiff was that since he has been the beneficial owner of SCM shares for more than six months this constitutes substantial compliance with § 624. It is enough to say that substantial compliance is not statutory compliance and plaintiff is not entitled to the requested materials under § 624.

The question remains, however, whether a common law right of inspection exists and if so, whether plaintiff is entitled to avail himself of this right. Defendant argues that § 624 replaced whatever common law right of inspection existed and now provides the exclusive means by which a shareholder may obtain the materials in issue. Defendant's reasoning is that if every shareholder was entitled, under the common law, to inspect the corporate materials in issue, this "would render § 624(b) absurd." Defendant's Memorandum at 14. Such could not have been the intent of the New York legislature in passing § 624. On the contrary, defendant reasons that § 624 was intended to replace the common law.

Plaintiff, of course, rejects defendant's argument and urges that it is not every shareholder who has a right of inspection, but only a holder of record who, in good faith, has demonstrated a "proper purpose" in seeking the corporate information.

■ A review of New York law leads to the inescapable conclusion that the common law right of inspection survived enactment of § 624 of the Business Corporation Law. *Crane Co. v. Anaconda Co., supra.* In *Crane* the New York Court of Appeals made it abundantly clear that the statutory right of inspection, originally adopted in 1848, was intended to expand the common law right of inspection "by omitting the 'proper purpose' requirement." 39 N.Y.2d at 20, 346 N.E.2d at 511, 382 N.Y.S.2d at 710. The statutory right of inspection provides a minimum threshold which a shareholder must meet in order to be entitled to inspect the materials in issue. That is to say, if a shareholder meets these minimum requirements, and requests the information in good faith, the court has no choice but to grant the inspection request. The share-

holder has an absolute right to the information. *Id. See also People v. Consolidated National Bank*, 105 App.Div. 409, 94 N.Y.S. 173 (1st Dep't 1905). In any event, as originally adopted the statutory right of inspection was intended only to supplement rather than replace the common law.

Section 624, the present inspection provision, was not intended to work a substantive change in the law. *Crane, supra*, 39 N.Y.2d at 21, 346 N.E.2d at 511, 382 N.Y. S.2d at 711. Thus, the statutory right of inspection emerges as a supplement to the common law right which survives today. *Crane, supra. See also Sivin v. Schwartz*, 22 A.D.2d 822, 254 N.Y.S.2d 914 (2d Dep't 1964); *Johncamp Realty, Inc. v. Sanders*, 98 Misc.2d 949, 415 N.Y.S.2d 192 (Sup.Ct.N.Y. County 1979).

Given that a common law right of inspection exists, there is no question that plaintiff has demonstrated a "proper purpose" for requesting the shareholder information. Indeed, in *Crane* the Court of Appeals observed that the basis for the right of inspection is to permit a shareholder to protect his investment. 39 N.Y.2d at 21, 346 N.E.2d at 512, 382 N.Y.S.2d at 712. This is precisely what plaintiff hopes to do by proposing an independent slate of directors for the SCM shareholders to consider. But in order to do so, he must have access to the list of shareholders entitled to vote. Absent the ability to communicate with his fellow shareholders, plaintiff's attempts to elect an independent slate of directors would truly be futile. *In re Lopez*, 71 A.D.2d 976, 420 N.Y.S.2d 225 (1st Dep't 1979); *Murchison v. Alleghany Corp.*, 27 Misc.2d 290, 210 N.Y.S.2d 153 (Sup.Ct.N.Y.County 1960), *aff'd* 12 A.D.2d 753, 210 N.Y.S.2d 975 (1st Dep't 1961), *leave to appeal denied*, 12 A.D.2d 903, 212 N.Y. S.2d 997.[1]

---

1. Defendant also argues that even if a common law right of inspection exists, since the inspection is being requested for the purpose of waging a proxy fight, the common law would be preempted by the Federal Securities Laws. In particular, defendant argues that under the proxy rules promulgated by the SEC pursuant to § 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), management has the option of either disclosing the shareholder list to the requesting

shareholder or mailing the proxy materials directly to the shareholders for the soliciting shareholder. Thus, defendant concludes, under the Supremacy Clause, SCM must be given the choice granted under the federal proxy rules.

This argument is totally without merit. It is sufficient to state that the SEC rules provide an alternative method by which a shareholder may obtain this information, but do not preempt the common law right of inspection.

The question remains whether plaintiff is entitled to all the materials requested. I think not. Plaintiff is entitled to inspect only insofar as is necessary to ascertain the names of his fellow shareholders who are entitled to vote at the October shareholders' meeting (shareholders of record as of September 11, 1980). This includes the most recent list of SCM shareholders, and transfer sheets reflecting all transfer of SCM stock subsequent to the date of the list up to and including September 11, 1980. Access to the other materials must be denied.

Accordingly, defendant is directed to grant plaintiff access to the above materials as soon as possible from which materials plaintiff may copy or extract information, at his own expense.

SO ORDERED.