Delo H. CASPARY

v.

The LOUISIANA LAND AND EXPLORATION COMPANY.

Civ. A. No. N–83–1075.

United States District Court, D. Maryland.

April 11, 1983.

---

John Henry Lewin, Jr., of Venable, Baetjer & Howard, Baltimore, Md., for plaintiff.

Francis B. Burch, Jr., of Piper & Marbury, Baltimore, Md., for defendant.

NORTHROP, Senior District Judge.

Plaintiff Delo H. Caspary has sued defendant Louisiana Land and Exploration Company seeking preliminary and permanent injunctive relief. Plaintiff is a Texas citizen, defendant is a Maryland corporation with a principal place of business in Louisiana. Plaintiff currently owns 117,100 shares of defendant's common stock. As of March 18, 1983, the record date for determining shareholders entitled to vote at the company's next annual meeting, plaintiff owned 1000 shares.

Plaintiff has become dissatisfied with the company's present management. He and other disgruntled shareholders have formed the Louisiana Land Committee for New Management. This committee, of which plaintiff is chairman, seeks to bring about the election of a new Board of Directors at the next annual meeting, currently scheduled for May 12, 1983. To achieve this goal, plaintiff intends to solicit proxies from all shareholders entitled to vote at the meeting. On April 4, 1983, plaintiff submitted a written request to the company for a current list of stockholders. Defendant has not complied with the request. Plaintiff therefore seeks an injunction ordering defendant to furnish him a stockholder list.

Plaintiff's Complaint asserts two theories under which he claims to be entitled to the list. First, he states he has a common law right under Maryland law to inspect the company's list of stockholders. Second, plaintiff asserts that he has a right, pursuant to SEC regulations either to be furnished a shareholder list or to have the company mail his proxy material to each shareholder for him. Defendant has responded with a motion to dismiss both counts. The parties having agreed that the second count is moot, I will now address defendant's motion to dismiss the common law claim.

In support of his common law theory, plaintiff traces the history of Maryland law regarding a shareholder's right to inspect corporate records. As the Maryland Court of Appeals has stated:

> At common law, a stockholder of a stock corporation, as well as a member of a member corporation, had a right to inspect corporate records, provided there was a proper purpose for the inspection. *Parish v. Milk Producers Ass'n.*, 250 Md. 24, 88 [242 A.2d 512] (1968), *cert. denied,* 404 U.S. 940 [92 S.Ct. 280, 30 L.Ed.2d 253] (1971).

This retrospective view is all that we have to indicate that Maryland recognized the common law rule prior to the enactment of the first general corporation law in 1868. Fortunately, I need not decide that 115 year old question to decide this case. I will assume that the common law right of inspection was recognized by the Maryland courts in the first half of the 19th century.

In 1868 Maryland's first general corporation law was enacted. Chapter 471 of that law "substantially broadened" the common law right of inspection by giving *any* shareholder the right to inspect corporate records, *regardless of purpose.* 250 Md. at 88, 242 A.2d 512.

In 1908 the corporation law was revised, and Chapter 471 of the original act was replaced by three new sections. In section 48 of the new act, the legislature for the first time specifically mentioned shareholder lists. Corporations were required to make available the names and addresses of all stockholders, and their respective holdings, to "any person or persons holding in the aggregate five per cent of the outstanding capital stock, or five per cent of any class thereof." This 5% requirement for inspection of stockholder lists has endured throughout the past 75 years, and today is found in section 2–513(a)(3) of the Maryland General Corporation Law.

It is undisputed that plaintiff is not a 5% shareholder and therefore does not meet the test of section 2–513 to entitle him to a stockholder list. However, plaintiff argues that section 2–513 did not abrogate the common law, but instead is merely a supplement to the common law right of inspection. Plaintiff thus argues that under current Maryland law any shareholder, regardless of percentage ownership, is entitled to a stockholder list if he or she requests the list in furtherance of a proper business purpose.

In support of this argument, plaintiff cites cases which hold that, generally, statutes should be read in harmony with and as supplements to the common law, not as replacements thereof. Specifically, plaintiff relies on *Lutz v. State,* 167 Md. 12, 172 A. 354 (1934). Although this case contains language which could be, and has been, quoted in support of the positions of both sides here, I find particularly instructive Judge Offutt's observation that: "a statute which deals with an entire subject matter is generally construed as abrogating the common law as to that subject." *Id.* at 15, 172 A. 354. Indeed, although the *Lutz* Court upheld a common law rule in the face of an intervening statutory scheme, it did so only after finding that the new statute did not address the subject matter covered by the common law rule.

Such is not the case here. The General Assembly has, in much detail, set out the inspection rights of a company's shareholders. In section 2–512, *any* shareholder is given the right to inspect certain corporate records. In section 2–513, 5% shareholders are given more extensive inspection rights, including the right to stockholder lists. This comprehensive statutory scheme was intended to strike a delicate balance between a shareholder's right to inspect his company's records and management's need to conduct day to day business without undue interference. To resurrect ancient rules regarding the precise subject matter the legislature has sought to regulate would be to run the risk of tipping the balance one way or the other. Although plaintiff argues that the balance should be tipped his way in light of modern economic realities, it is not the province of this Court, sitting in diversity, to amend state legislation. I will therefore grant the motion to dismiss.

As a footnote, the *Rockwell* case from the Southern District of New York is distinguishable. *Rockwell v. SCM Corp.,* 496 F.Supp. 1123 (S.D.N.Y.1980). There, the district judge had the benefit of state court decisions which had held that the state corporation statute "was not intended to work a substantial change in the law." *Id.* at 1126. I have no such guidance here. Instead, I note that the Maryland Court of Appeals has stated that the 5% requirement was intended "to prevent an abuse of the common law right of a single stockholder to demand inspection of books, etc., with possible attendant substantial expense, when the amount of the stock holding was insignificant compared to the whole stock structure." 250 Md. at 90, 242 A.2d 512.

Defendant's motion to dismiss the complaint will be granted in a separate order.